## Davis *v.* Chicago, St. P., M. & O. R. Co.

*(Circuit Court, D. Minnesota, Third Division. March 30, 1891.)*

**CARRIERS OF PASSENGERS—WHEN THE RELATION EXISTS.**

Deceased and other employes of defendant railroad company had borrowed a car and engine for their own purposes, by permission of defendant's yard-master, and in the negligent management thereof plaintiff's intestate was killed. *Held,* that the relation of carrier and passenger did not exist, and plaintiff cannot recover.

At Law. On motion for new trial.

*Williams & Schoonmaker*, for plaintiff.

*J. H. Howe, S. L. Perrin*, and *C. D. O'Brien*, for defendant.

NELSON, J. I have examined the brief of counsel for plaintiff on the motion made for a new trial. The evidence does not, as claimed by counsel, prove that the plaintiff's intestate sustained the relation of passenger ·at the time of the injury complained of which· resulted in death. The deceased was an employe of the defendant, off duty, and accompanied other employes to whom a car had been loaned for the purpose of attending a meeting about the employes' own business. The car and engine was in charge of Flanagan, who secured the loan of them, or at least the car, for the use of the employes; he being the defendant's yardmaster. Flanagan induced the engineer of a switch-engine to haul down the car; the latter being unwilling at first, as he was going off duty, but finally was persuaded to do so. Flanagan, from the evidence in the case, was negligent in the management of the train, and his negligent act caused the injury to plaintiff; but the defendant was not responsible for his negligence. He was not in the performance of any duty in the line ·of his employment by the defendant, and was not engaged in furtherance of the company's business. The negligent act complained of was done by Flanagan when the employes on the car were at liberty from their service, and pursuing their own ends exclusively. It is the case of an employer permitting his employes to take his car and engine, and ride for their own pleasure, and negligent management by one of the employes. The defendant, in my opinion, is not liable for damages arising therefrom. I leave out of view other objections to a recovery.

Motion for a new trial denied.